J. P. ALLEN v. A. B and H. GILKEY, Adm'rs.

*Witness—Section* 343.

A deputy collected a sum of money on account of taxes and deposited the same with G. with instructions to pay it over to the sheriff, which was not done, and the deputy was afterwards required to pay the sheriff the sum so collected : *Held*, in an action to recover the amount, brought by the deputy against the administrator of G., that the sheriff had no interest in the event of the action, and was a competent witness under section 343 of the Code.

ALLEN *v.* GILKEY.

CIVIL ACTION tried at August Special Term, 1879, of RUTHERFORD Superior Court, before *Buxton, J.*

The plaintiff, as the deputy for the sheriff of Rutherford county, collected taxes to the amount of two hundred dol-lars, and deposited the same with the defendants' intestate, with instructions to pay it to his principal, which it is al-leged he failed to do. In a settlement with his principal, credit was refused him for this amount so paid to said intes-tate, but the plaintiff was required to pay, and did pay, to the sheriff the full amount collected, and thereupon this action was brought to recover it of the estate of said intes-tate, he having in the meantime died.

On the trial the plaintiff introduced the sheriff as a wit-ness, for the purpose of showing that the money had not been paid to him by the intestate, but the defendants ob-jected on the ground that the witness had no interest in the result of the action, and is therefore incompetent under section 343 of the Code. The court overruled the objection and admitted the witness as competent. Defendants ex-cepted. Verdict for plaintiff, judgment, appeal by defend-ants.

*Messrs. Hoke & Hoke* and *Battle & Mordecai*, for plaintiff.
*Mr. J. A. Forney*, for defendants.

RUFFIN, J. We are at a loss to discover any interest which the witness had in the event of the action, that could possibly affect the question of his competency. He is no party to the action ; nor had he at any time a legal or equi-table interest, such as could be affected by the event thereof. He is no assignor of anything in controversy in the action ; nor could his examination, or any judgment or determina-tion therein, affect any interest he then had, or had previ-ously owned. While possibly under some bias of feeling or partiality, yet he was literally devoid of all *interest,*

whether past, present or future—so much so, that even at the common law he would have been entirely competent as a witness, and if so, then certainly under a statute professing to remove all incompetency upon the ground of interest, with the few exceptions above enumerated.

It is true that he might have given his sanction to the deposit of the money made on his account by his deputy, and upon its non-payment might have sued the intestate of the defendants for money had and received to his use, but he was under no obligation to do so, and having repudiated it and received the full amount due him, directly, from the deputy himself, no man could have had less *interest*, as distinguished from bias, than he had. His testimony was properly received by the court.

No error. Affirmed.